[Crim. No. 6614. Second Dist., Div. Two. Nov. 16, 1960.]

THE PEOPLE, Respondent, v. BENSON WILLIAMS, Appellant.

*Assigned by Chairman of Judicial Council.

Benson Williams, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and John F. Foran, Deputy Attorneys General, for Respondent.

FOX, P. J.—Defendant was convicted of violating section 470 of the Penal Code in that on September 28, 1958, he attempted to utter or make use of a forged check. He has appealed from the judgment and sentence.

In the early evening of August 28, 1958, defendant entered the B & B Liquor Store in Los Angeles and inquired whether he could cash a payroll check, stating that he wanted to buy some liquor and beer. The clerk informed defendant that he could cash such a check and asked to see it. Defendant handed it to the clerk, and proceeded to pick up a six-pack of beer. Being suspicious of the authenticity of the check, the clerk feigned that he did not have enough cash in the cash register, and proceeded to the safe; he then pretended he could not get into the safe because it was locked, that he did not have the key; that he would have to get it. In the meantime the clerk made a telephone call that resulted in deputies from the sheriff's substation appearing immediately at the liquor store. Defendant was still there. When the deputies arrived, "defendant made a run for the door." They pursued and apprehended him down the street.

The check which defendant presented to the clerk was dated August 28, 1958, and was drawn on a branch of the Bank of America. It purported to be payable to the order of Glenn Cornwell for $57.38 and signed by M. Frizzick.

An official of the Central Home Improvement Company identified the check as one of a series missing from the office of his company since early July. No person by the name of the drawer was authorized to sign company checks. Glenn Cornwell was unknown to the company.

Following defendant's arrest he told Officer Nickens that

he did not have permission to use the name Glenn Cornwell. Defendant did, however, have in his possession a temporary motor vehicle operator's license bearing the name of Glenn Cornwell. He also told the officers that a person whom he refused to identify had given him the check, promising him one half of the proceeds if he would get it cashed, and had taken him to the liquor store where he had presented it for cashing.

At the trial defendant admitted that he had attempted to cash the check under the name of Glenn Cornwell. He also testified that when the police pulled up he "walked out of the store" and that "after I got away from the store a little piece I broke into a trot." Defendant maintained, however, that he obtained the check from a person whom he knew as Glenn Cornwell, and that he had received the check on account of a $20 debt Cornwell assertedly owed defendant's brother. Defendant also admitted that he had suffered prior felony convictions for which he had served time in a state prison.

In seeking a reversal, defendant's basic contention is that the evidence is insufficient to justify his conviction. He particularly argues that he acted in good faith in attempting to cash the check in question and without an intent to defraud anyone. In support of his argument he relies heavily on his own testimony.

▮ "To constitute forgery by uttering or passing a forged instrument as defined in section 470 of the Penal Code, three important factors are requisite: 1. It must be uttered, published, passed, or attempted to be passed, as true and genuine; 2. It must be known by the person uttering or passing it to be false, altered, forged, or counterfeited; 3. It must be with intent to prejudice, damage, or defraud some person." (*People* v. *Smith,* 103 Cal. 563, 565 [37 P. 516].) Accord: *People* v. *Chapman,* 156 Cal.App.2d 151, 156 [319 P.2d 8].

▮ We must, of course, assume in favor of the verdict the existence of every fact which the trier of fact reasonably could have deduced from the evidence. ▮ It is the settled law of this state that a conviction will not be reversed for insufficiency of the evidence unless it clearly appears "that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below." (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

▮ Also, it was for the trial court to pass upon the credibility of the witnesses and determine the weight that should be given to their testimony.

424

 Applying these principles, it is apparent there is ample evidence to sustain defendant's conviction. There can be no doubt that the check defendant attempted to pass was forged. It is a reasonable inference that defendant presented the check as a genuine document. As said in *People* v. *Walker*, 140 Cal. 153, at page 155 [73 P. 831], "The tender of a check purporting to be signed by a certain person is in itself a representation that the check is genuine. It will not be inferred that a person intends to present a forged check in the absence of evidence to that effect." The testimony of the officers as to the statements made by defendant at the time of his apprehension and following his arrest, plus the fact that he attempted to escape when the officers arrived, thus indicating a consciousness of guilt (*People* v. *Hoyt*, 20 Cal.2d 306, 313 [125 P.2d 29]), amply justify the implied finding that defendant knew the check was not genuine.

The fact that defendant attempted to pass the check with intent to defraud is fairly deducible from the evidence. On the question of intent to defraud, the observations of this court in a strikingly similar situation are here apposite: "It is established law that where the forgery consists in the false making of an instrument, the fact of forgery may imply an intention to defraud. [Citations.] There is no logical reason why the same rule should not apply with equal force where a person passes a check as genuine knowing at the time that it is forged. This was impliedly held in *People* v. *Weiskopf*, 60 Cal.App.2d 214, 217-218 [140 P.2d 201]. Furthermore, there is a presumption that an unlawful act was done with an unlawful intent and that a person intends the ordinary consequences of his voluntary act. (Code Civ. Proc., § 1963, subds. 2, 3.) Section 21 of the Penal Code provides in effect that the intent or intention with which an act is done or performed is manifested by the circumstances surrounding the commission of such act." (*People* v. *Chapman*, 156 Cal. App.2d 151, 158 [319 P.2d 8].)

It is, therefore, apparent that each of the elements in the offense of which defendant was convicted is adequately supported by the evidence and the inferences reasonably to be drawn therefrom. This conclusion finds support in *People* v. *Ruiz*, 103 Cal.App.2d 146 [229 P.2d 73], where the facts were almost identical with those revealed by the instant record. On appeal defendant argued, as here, that the evidence was insufficient to support his conviction. The court, however, affirmed the judgment.

Defendant makes the assertion that there is a fatal variance between the pleading and proof. ██ In taking this position defendant fails to appreciate that "The crime of forgery consists either in the false making or alteration of a document without authority or the uttering (making use) of such a document with the intent to defraud." (*People* v. *McKenna,* 11 Cal.2d 327, 332 [79 P.2d 1065]; Pen. Code, § 470.) ██ The information in the case at bar charges, *inter alia,* that defendant "did wilfully . . . and feloniously . . . pass, utter," etc., the check in question. The proof was directed to defendant's efforts to pass and make use of this check. The fact that defendant's efforts were frustrated and his fraudulent scheme unsuccessful does not constitute a variance in the proof. (*People* v. *Morgan,* 140 Cal.App.2d 796, 801 [296 P.2d 75].)

██ The judgment (and sentence, which are one and the same (*People* v. *Cruz,* 178 Cal.App.2d 83, 88 [2 Cal.Rptr. 868])) is affirmed.

Ashburn, J., and Kincaid, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.