[Crim. No 14335. Second Dist., Div. Three. Jan. 24, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. DAVID JEROME SWOPE, Defendant and Appellant.

Josef Dubiel, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Marvin S. Maltzman, Deputy Attorney General, for Plaintiff and Respondent.

FRAMPTON, J. pro tem.*—

### Background

The defendant was charged by information number A-100782 with the crime of petty theft with a prior conviction of issuing bank checks without sufficient funds. He was also charged with a prior conviction of burglary with force in October 1944, in the State of Colorado, with larceny in March 1948, in the State of Colorado, and with violation of section

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

470 of the Penal Code (forgery) in April 1953, in Los Angeles County. Each of the foregoing priors was alleged to be a felony and it was further alleged that the defendant served a term of imprisonment on each prior. The defendant was also charged by information number A-101170 with the crime of forgery, a felony, in violation of section 470 of the Penal Code in count I, and with the crime of grand theft, a felony, in violation of section 487, subdivision 3 of the Penal Code in count II. Information number A-101170 alleged four prior convictions of felony and that the defendant had served a term of imprisonment in a state prison on each of such convictions. The priors alleged were as follows: Burglary with force, State of Colorado, October 1944; larceny, a felony, State of Colorado, March 1948; violation of section 470, Penal Code, State of California, April 1953; violation of section 476a, Penal Code, a felony, State of California, September 1958.

Upon arraignment the defendant entered pleas of not guilty as to the charges in each information and denied the priors. At the time of trial information number A-101170 was consolidated with information number A-100782 and counts I and II of the former information became counts II and III of the latter information. The allegations of prior convictions in the State of Colorado were stricken. A jury trial was duly waived as to count II of the information as consolidated (forgery, a felony, in violation of section 470, Penal Code), and the cause was submitted on the evidence adduced at the preliminary hearing of such charge with documentary evidence bearing upon the prior felony convictions in the State of California. The defendant was found guilty as charged, the allegations of the California priors were found to be true, probation was denied after hearing, and sentence to state prison followed. Upon pronouncement of the judgment on count II, counts I and III were dismissed. The appeal is from the judgment.

## The Facts

Richard V. Grennan testified that he resided at 8709 Burton Way in the City of Los Angeles; he was engaged in the real estate business at 9301 Wilshire Boulevard in the City of Los Angeles. Grennan was shown a check bearing date of October 17, 1966, drawn against a trust account carried at the Bank of America, San Francisco, California, payable to "Richard V. Grennan, Sr.," in the sum of $505.35. This check bears the following handwritten endorsements on the

back thereof: "3521 Dehesa—El Cajon, Calif., Richard V. Grennan, Sr., Daniel J. Swope, 7228 Alabama, Canoga Park, Calif., 1-7-67."

Grennan testified further that the check was made out in his name and was in an amount representing the sum due him upon termination of his employment with a firm for whom he had worked; he never received the check; the signature of "Richard V. Grennan, Sr.," on the back of the check was not his signature, and he had given no one permission to sign his name as an endorser of the check; he did not know the defendant.

Mr. Ed Shapiro testified that he was engaged in the automobile sales business at 17401 Ventura Boulevard, Encino, California; on January 7, 1967, he sold the defendant a 1961 Rambler station wagon for the sum of $405.80; the defendant gave him the Grennan check in the amount of $505.35 in payment for the automobile; the company for whom he worked gave the defendant its check for the difference in the amount of the Grennan check and the sales price of the automobile; the defendant drove the car away; the defendant came into the car sales agency by himself; the check was endorsed when it was delivered.

### The Contentions

The defendant urges (1) that the evidence is insufficient as a matter of law to support the judgment, and (2) he was deprived of his right to effective representation by counsel.

The crime of forgery, as it relates to the factual situation presented here, consists either in the false making or alteration of a document without authority or the uttering of such a document, knowing the same to be forged, with the intent to defraud. (Pen. Code, § 470.)

In order to support the judgment of conviction in the case at bench the burden was on the prosecution to establish the following elements constituting the corpus delicti of the offense: (1) The endorsement of Grennan upon the check was a forgery; (2) the check was uttered as true and genuine; (3) it was known by the defendant at the time he uttered it to be forged, and (4) the intent to defraud.

It is held that "Mere possession of a forged instrument is a circumstance affording some evidence of knowledge of its spurious nature. [Citation.] It is analogous to possession of stolen property which of itself will not prove a theft but 'such possession plus "slight corroborative evidence of other inculpatory circumstances"' will suffice.' [Citation.]

■ Presentation of the instrument for encashment is a representation of its genuineness. [Citation.]'' (*People* v. *Rosborough,* 178 Cal.App.2d 156, 163 [2 Cal.Rptr. 669].)

■ The evidence shows without contradiction that Grennan's name as an endorser of the check was forged. The defendant in presenting the check to the used car dealer in payment of the purchase price of the car represented that the check, including the endorsement of Grennan, was genuine. If the defendant signed the name of Grennan on the back of the check or if he uttered the check with knowledge that Grennan's name was forged thereto, even though he did not write Grennan's name thereon, then the necessary intent to defraud was shown. (*People* v. *Fork,* 233 Cal.App.2d 725, 731 [43 Cal. Rptr. 804].)

There is not the slightest evidence in the record to show that the defendant endorsed the name of Grennan on the back of the check. The handwriting in the endorsement of the name Grennan and that of the defendant on the back of the check do not appear to the eye of one who is not an expert to have any similar characteristics whatsoever. It was necessary for the People to show either that the defendant signed Grennan's name as an endorser of the check or that he uttered the check knowing that Grennan's name endorsed thereon was a forgery. (*People* v. *Ross,* 198 Cal.App.2d 723, 727 [18 Cal.Rptr. 307].)

As heretofore pointed out, the check was issued, according to the date that it bears, in San Francisco on October 17, 1966, payable to ''Richard V. Grennan Sr.'' The manner in which Grennan's name was placed as an endorser on the check made the check negotiable by delivery until specially endorsed. (Com. Code, § 3204, subd. (2).) On January 7, 1967, the check appeared in the hands of the defendant in Los Angeles with Grennan's name endorsed thereon. How the check left the hands of the maker, how many hands, if any, that it may have passed through by delivery before coming into the hands of the defendant, and how the check came into the hands of the defendant is left to conjecture. Eighty-three days elapsed from the date of issuance of the check and the time the defendant presented it in payment of a used car.

The evidence shows that the defendant endorsed his name on the check before delivering it to Mr. Shapiro, the used car salesman. The address given under the defendant's endorsement is ''7228 Alabama, Canoga Park, Calif.'' The record is silent as to whether this address was a true or a false address.

If this address was false it would have furnished some evidence of consciousness of guilt. The record does not show that the defendant made any statements to the police concerning the transaction, and he did not take the stand either at the preliminary examination or at the trial. A defendant, no matter how untrustworthy he may be, is not required to prove his innocence. The People must prove him guilty. (*People* v. *Draper,* 69 Cal.App.2d 781, 785 [160 P.2d 80].)

In *People* v. *Rosborough,* 178 Cal.App.2d 156, 163 [2 Cal. Rptr. 669], it was held that possession of a forged instrument plus slight corroborative evidence of other inculpatory circumstances will suffice to show knowledge of the spurious character of the instrument. In the record before us, while it was shown that the defendant had possession of the spurious instrument, there is a total lack of evidence of other inculpatory circumstances which might tend to show knowledge on his part that the endorsement of Grennan had been forged. In this state of the record an element of the corpus delicti was not established and the evidence is insufficient as a matter of law to support the judgment.

In view of the foregoing conclusion we deem it unnecessary to comment on the other point raised in the appellant's brief.

The judgment is reversed.

Ford, P. J., and Cobey, J., concurred.