[Crim. No. 9134. First Dist., Div. Two. May 19, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ELMER JOSEPH REISDORFF, Defendant and Appellant.

## COUNSEL

Richard D. Totter, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**SHOEMAKER, P. J.**—This is an appeal by defendant Elmer Reisdorff from an order granting probation following his conviction of violating Penal

Code, section 475a (possession of completed check with intent to defraud) and Penal Code, section 470 (forgery).[1]

On March 15, 1970, the San Jose office of Frank Pappalardo, doing business as Valley View Construction Company, was burglarized, and 31 of the blank checks of the business were taken.

On March 28, 1970, a man entered Dick's Supermarket in San Jose and attempted to cash a payroll check drawn on a construction company. The man first presented the check to a clerk who referred him to James Tom, the head clerk. Tom examined the check and the man's identification. The check was numbered 1883, was payable to the order of defendant, was drawn on the account of the Valley View Construction Company and was signed by Frank Pappalardo. The man produced a driver's license in the name of defendant, and he also gave Tom a courtesy check cashing card which had been issued by Dick's Supermarket to Helen Reisdorff, whose address was 2784 South First Street, San Jose. After Tom had checked to see that the man matched the photograph on the driver's license, he proceeded to the store office and telephoned the Valley View Construction Company. He then returned the check to the man and informed him that he could not cash it.

Later the same day, a man entered the White Front store in San Jose, selected some clothing and took them to a check-out stand. Verna Martinez, the clerk at the stand, called for a price check on some of the clothing. While waiting for the items to be checked, she conversed with the man, who told her that he worked for the Valley View Construction Company. After the checking had been completed, the man presented her with the same check which Dick's Supermarket had refused to cash. Miss Martinez had the check approved and she then cashed it for the man.

Defendant was arrested at his place of residence, a trailer court located at 2784 South First Street, San Jose. This address was the same address listed on the Dick's Supermarket courtesy card issued to Helen Reisdorff.

James Tom identified defendant as the man who had attempted to cash the check at Dick's Supermarket, and Miss Martinez identified defendant as the man who had succeeded in cashing the check at White Front. Both witnesses not only identified defendant at the trial, but had

[1]Defendant's notice of appeal, which was filed after the court ordered him placed on probation, actually stated that he was appealing from the "judgment." However, the situation is clearly one where the notice of appeal may properly be interpreted as referring to the appealable order granting probation. (*People* v. *McShane* (1954) 126 Cal.App.2d Supp. 845 [272 P.2d 571].)

previously selected his photograph from a group of photographs which had been shown to them by the police.

Frank Pappalardo testified that the check which defendant had cashed at White Front was one of the blank checks taken in the burglary; that he had not signed the check; that he did not know anyone by the name of Elmer Reisdorff and had given no one authority to use any of his checks.

Defendant testified in his own behalf and denied being at Dick's Supermarket or White Front on March 28, 1970. He likewise denied that he had ever been in possession of any checks of the Valley View Construction Company. Defendant claimed that he was not in possession of his driver's license on March 28, and he explained that he had misplaced the license in mid-February. He then applied for and obtained a temporary driver's license, placed it in an identification packet with his other cards and lost the entire packet in late February. However, on cross-examination, defendant admitted that he was in possession of his permanent driver's license when he was given a traffic ticket in early March, and he then explained that he had found it in his wallet. Defendant admitted that his wife had been issued a courtesy card from Dick's Supermarket, but he stated that she always kept it with her and he did not use it. Defendant testified that when the police advised him that the courtesy card had been presented at the supermarket on March 28, he then realized that his wife must have lost it.

Defendant testified that he and his wife and four children lived in the two-bedroom house trailer where he was arrested. Defendant was unemployed at the time of his arrest.

Defendant stated that after his arrest, the police took numerous handwriting exemplars and had him repeatedly sign his own name and Pappalardo's.

■ Defendant's first contention on appeal is that he could not be legally convicted and sentenced on both counts of the information because his conduct was part of a single indivisible transaction and the offense of violating Penal Code section 475a (possession of a completed check with intent to defraud) was necessarily included within the offense of violating Penal Code section 470 (forgery).

■ The crime of forgery consists either in the false making or alteration of a document without authority or the uttering of such a document with the intent to defraud. (*People* v. *Swope* (1969) 269 Cal.App.2d 140, 143 [74 Cal.Rptr. 586]; *People* v. *Williams* (1960) 186 Cal.App.2d 420,

425 [8 Cal.Rptr. 871]; *People* v. *Sinshiemer* (1960) 182 Cal.App.2d 103, 108-109 [5 Cal.Rptr. 740].) A defendant may properly be charged in the conjunctive with both the false making and uttering of a check. Pleading forgery in the conjunctive charges the single offense of forgery, and proof of either the false making or uttering of the check will support a conviction of the offense. (*People* v. *Swope, supra,* at p. 144; *People* v. *Giguiere* (1958) 163 Cal.App.2d 453, 457-458 [329 P.2d 512]; *People* v. *Pauli* (1922) 58 Cal.App. 594 [209 P. 88].)

 The crime of violating Penal Code section 475a consists of possession of a completed check with intent to defraud.

We are agreed that the crime of violating Penal Code section 475a is an offense necessarily included within the crime of forgery by uttering. To knowingly utter a forged check with the intent to defraud, it is obviously necessary to possess the completed check with the intent to defraud.

The record shows that although the prosecution pleaded the crime of forgery in the conjunctive, no proof was offered that defendant himself actually forged the check prior to uttering it. The prosecution focused its case on the charge of forgery by uttering and produced ample evidence that defendant presented the forged check to two different stores, successfully cashing it at the second. ██ ██ Possession of a forged check is a circumstance affording some evidence of knowledge of its spurious nature (*People* v. *Pounds* (1959) 168 Cal.App.2d 756, 759 [336 P.2d 219]), and the fact of possession, plus slight corroborative evidence of other inculpatory circumstances, is all that is required to support a conviction of forgery by uttering. (*People* v. *Rosborough* (1960) 178 Cal.App.2d 156, 163-165 [2 Cal.Rptr. 669].) Where the defendant's testimony contains inconsistencies and is inherently improbable and it is also shown that he was in need of money and thus had a motive for uttering the forged instrument, the prosecution has met its burden. (*People* v. *Rosborough, supra,* at pp. 163-165.) In the instant case, defendant's testimony was of this character.

Although there was ample evidence that defendant was guilty of forgery by uttering, there was no evidence that defendant himself falsely made the check which he uttered. Although defendant testified to the taking of numerous handwriting exemplars and this testimony was in no way impeached, the prosecution failed to introduce the exemplars in evidence and called no handwriting expert as a witness. (See *People* v. *Swope, supra,* at p. 144.)

Upon this record, it is clear that defendant's conviction was based upon his conduct in uttering a forged check with the intent to defraud.

Since the section 475a offense was necessarily included within the section 470 offense, the double conviction cannot stand. Of the two offenses of which defendant was convicted, neither is the more severe in terms of punishment, since the same penalty is imposed for each. (Pen. Code, §§ 473, 475a.)

Defendant raises a number of other arguments. We find no need to discuss them for we have examined the record and the law and find no merit in any of them.

The judgment under Count One is reversed with directions to the trial court to dismiss said count; and the order placing defendant on probation following his conviction under Count Two is affirmed.

Taylor, J., and Kane, J., concurred.