UNITED STATES

v.

**Airman First Class Pedro J. MIRELES, FR 338–56–0761 United States Air Force.**

**ACM S26098.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 May 1983.

Decided 22 Nov. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

DECISION

MILLER, Judge:

Tried before a special court-martial, military judge sitting alone, the accused was convicted pursuant to his pleas of a single specification of stealing 13 blank personal checks from his roommate and of single specifications of (1) falsely making and (2) uttering nine of those checks in a total amount of $625.00, all in violation of U.C.

M.J., Articles 121 and 123, 10 U.S.C. §§ 921, 923. The approved sentence extends to a bad conduct discharge, confinement at hard labor for five months, forfeiture of $300.00 per month for five months, and reduction to airman basic.

At trial, the accused moved, first, for dismissal of the false making specification contending that it was multiplicious for charging purposes with the uttering specification, and, second, for a ruling that all three specifications were multiplicious for sentencing purposes. The military judge denied both motions. They are both raised once again on appeal.

## IS LARCENY OF BLANK CHECKS MULTIPLICIOUS FOR SENTENCING PURPOSES WITH LATER WRONGFUL MAKINGS AND/OR UTTERINGS OF THESE SAME CHECKS?

■ Noting that the Article 121 specification pertains to offenses of stealing blank checks from the possession of another person, rather than to stealing money obtained as a result of fraud implicit in the accused's later acts of making and uttering these blank checks,[1] we conclude, without further discussion, that the Article 121 offense relates to a violation of societal and statutory norms distinctly separate from those of the fraud based Article 123 specifications. Accordingly, we hold that the military judge's rulings that this Article 121 specification was not multiplicious for sentencing purposes with either of the two Article 123 specifications was correct.

## ARE WRONGFUL MAKINGS OF BLANK CHECKS MULTIPLICIOUS FOR SENTENCING PURPOSES WITH WRONGFUL UTTERANCES OF THESE SAME CHECKS?

■ The law relating to whether or not the remaining Article 123 offenses are multiplicious for findings or sentencing purposes is less certain. Based upon the rationale of pertinent and current military and civilian cases, however, we are, likewise, convinced that the military judge correctly identified these latter two specifications as separate for both findings and sentencing purposes.

While there can be little question that the Court of Military Appeals has in recent months created new standards by which military courts are to gauge multiplicity between offenses, its decisions have, as in the past, been limited for the most part to cases in which at least one of the multiplicious offenses consisted of a violation of one of the U.C.M.J.'s general articles. It would seem that at least a portion of that Court's past and current concern with the establishment of a unique set of rules governing multiplicity in the military must stem from the lack of any explicit statutory guidance as to how conduct charged in violation of either of these general articles might relate to other conduct charged either in violation of one of these same general articles or one of the U.C.M.J.'s specific punitive articles.

We are not in this case, however, confronted with a multiplicity issue that involves the pernicious lack of statutory guidance that infects multiple offenses, one or more of which is charged in violation of a general article. To the contrary, we are here confronted with two separate violations specifically criminalized by a single statutory provision. Under such circumstances, the Court of Military Appeals has given no indication, either past or present, that the civilian rules of statutory construction should not continue to bind its multiplicity decisions.

---

1. Four petitions granted on the issue of whether charges of uttering an instrument for fraudulent receipt of currency or services are multiplicious with charges of larceny or attempted larceny of the identical currency or services are currently pending before the Court of Military Appeals. See United States v. Moody, ACMR 18139, memo. op. (A.C.M.R. ——), pet granted, 16 M.J. 190 (1983), United States v. Gibbs, ACMR 442498, memo. op. (A.C.M.R. ——), pet granted, 16 M.J. 119 (1983), United States v. Moore, ACMR 442675, memo. op. (A.C.M.R. ——), pet granted, 15 M.J. 162 (1983), United States v. Allen, ACMR 442657, memo. op. (A.C.M.R. ——), pet granted, 15 M.J. 449 (1983). No petitions have been granted on the apparently well settled issue of whether the larceny of a check or instrument, itself, is multiplicious with a later utterance of that same check or instrument for the purpose of fraudulently obtaining cash or services.

In 1960, when confronted with this identical issue in *United States v. Gibbons,* 11 U.S.C.M.A. 246, 29 C.M.R. 62 (1960), the Court of Military Appeals resolved it by quoting from a federal case addressing a statute "strikingly similar to Article 123 of the Uniform Code of Military Justice." *Id.* at 64. Finding no justification in law or reason for modifying the rule of statutory interpretation therein announced,[2] we quote this same paragraph in resolving the instant issue.

At common law forgery and uttering were different substantive crimes. Bishop's New Criminal Law, sec. 523–605. The rule is well settled that, where different offenses denounced in the same statute require different proof, a person may be found guilty of more than one offense under the statute. Petitioner might have been guilty of forging a check without having attempted to utter it, and he might have been guilty of separately uttering it to two or more people without having forged it. It is apparent the three offenses charged in the indictment required different proof to substantiate the charges.

*Reid v. Aderhold,* 65 F.2d 110 (5th Cir.1933).

Accordingly, the approved findings of guilty and sentence are correct in law and

fact and, on the basis of the entire record, are

AFFIRMED.

FORAY, Senior Judge, concurs.

HODGSON, Chief Judge, absent.

**2.** In support of the proposition that statutory construction continues to govern the question of whether charged offenses are separate or merged, see *United States v. Price,* 655 F.2d 958, (9th Cir.1981), interpreting 18 U.S.C. 2314; *Barker v. Ohio,* 328 F.2d 582, (6th Cir.1964), interpreting R.C.Ohio 2913.01; *United States v. Peters,* 434 F.Supp. 357 (D.C.D.C.1977), interpreting D.C.C.E. 22–1401 and 18 U.S.C. 2314, 3161(d); *United States v. Wilkins,* 213 F.Supp. 332 (C.C.N.Y.1963), interpreting 18 U.S.C. 2, 495; *People v. Avery,* 114 Mich.App. 159, 318 N.W.2d 685 (1982), interpreting M.C.L. 750.248, 750.249; *Commonwealth v. Crocker,* 384 Mass. 353, 424 N.E.2d 524 (1981), interpreting M.G.L. 1, *et seq.,* 30(1), 266; *Gresham v. State,* 412 N.E.2d 118 (Ind.App.1980), interpreting I.C. 35–1–124–1, 35–43–5–2; *Little v. State,* 85 Wis.2d 558, 271 N.W.2d 105 (1978), interpreting W.S. 943.32, 943.38; *Mayes v. State,* 264 Ark. 283, 571 S.W.2d 420 (1978), interpreting A.S. 41–2302; *People v. Henderson,* 71 Ill.2d 53, 15 Ill.Dec. 654, 373 N.E.2d 1338 (1978), interpreting S.H. ch. 38 17–3, ch. 110A 315; *Bronstein v. State,* 355 So.2d 817 (Fla.App.1978); interpret-

ing F.S. 811.021, 831.01, 831.02, 833.04; *Anderson v. State,* 553 S.W.2d 85 (Tenn.Cr.App. 1977), interpreting T.C. 39–1701, 39–1704; *Harrington v. State,* 336 So.2d 721 (Miss.1976), interpreting M.C. 97–21–35; *Buckley v. State,* 163 Ind.App. 113, 322 N.E.2d 113 (1975), interpreting I.C. 10–2102, 10–2136, 10–3030, 35–1–124–1, 35–17–5–3, 35–18–15.1–4; *State v. Welch,* 264 Or. 388, 505 P.2d 910 (1973), interpreting O.S. 165.115; *People v. Reisdorff,* 17 Cal.App.3d 675, 95 Cal.Rptr. 224 (1971), interpreting C.Pen.C. 470; *State v. Fick,* 204 Kan. 422, 464 P.2d 271 (1970), interpreting K.S. 21–608, 21–609; *State v. Reyes,* 105 Ariz. 26, 458 P.2d 960 (1969), interpreting A.R.S. 13–421; *State v. Hancock,* 164 N.W.2d 330 (Iowa 1969), interpreting I.C. 718.1, 718.2, 769.-13, 773.4, 773.36, 773.43, 773.46; *State v. Culver,* 103 Ariz. 505, 446 P.2d 234 (1968), A.R.S. 13–311, 13–316; *Fitzherbert v. State,* 229 A.2d 697 (Me.1967); *Moore v. Commonwealth,* 207 Va. 838, 153 S.E.2d 231 (1967), interpreting V.C. 18.1–96.