21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard BOMBELA, Defendant-Appellant.
 No. 93-50473.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1994.
Decided April 19, 1994.
 
 Before: BRIGHT*, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Roy Bombela appeals his sentence under the Sentencing Guidelines as a career offender. Bombela argues that he is not a career offender because he does not have two prior convictions of a crime of violence. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 On December 1, 1992, Bombela robbed a bank. On December 15, 1992, an indictment was filed charging him with one count of bank robbery, in violation of 18 U.S.C. Sec. 2113(a). He pleaded guilty.
 
 
 4
 A Presentence Investigation Report was prepared. The probation officer concluded that the base offense level was 20 and a two level increase was appropriate for specific offense characteristics. Three levels were then subtracted for acceptance of responsibility. The probation officer then determined that appellant was a career offender, finding that he had "at least two prior felony convictions of ... a crime of violence." U.S.S.G. Sec. 4B1.1.[1] The two prior burglary convictions identified were a September 1986 second-degree burglary and a December 1987 first-degree burglary. Bombela had pleaded guilty to both burglaries. Thus, the total offense level was 29. The Criminal History Category was computed to be VI. Consequently, the Guidelines' sentencing range was 151 to 188 months.
 
 
 5
 On June 21, 1993, the district court held that Bombela was a career offender, ruling that the September 1986 burglary conviction was of a crime of violence. But, the district court also found that Bombela's criminal history category overstated his criminal history and thus departed downward two levels to 27. The new sentencing range was 130 to 162 months. Bombela was sentenced to 130 months in prison and three years of supervised release.
 
 
 6
 On appeal, Bombela challenges the district court's determination that he was a career offender. He also attacks, for the first time, the constitutionality of his guilty pleas to both the September 1986 and December 1987 burglaries.
 
 DISCUSSION
 
 7
 A. CAREER OFFENDER?
 
 
 8
 We review de novo the district court's determination that Bombela is a career offender. United States v. Becker, 919 F.2d 568, 570 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991).
 
 
 9
 The Guidelines define "crime of violence" to include "burglary of a dwelling" and any offense involving "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. Sec. 4B1.2 & comment. n. 2.
 
 
 10
 Bombela argues that he is not a career offender because he has only one prior crime of violence. Specifically, he argues, the September 1986 second-degree burglary was not a crime of violence under Sentencing Guideline Sec. 4B1.1.[2] His September 1986 second-degree[3] burglary conviction was based on California Penal Code Sec. 459.[4] Bombela's argument is premised on two facets of the California statute. First, the statute does not require that the burglary take place in a residence. Second, the statute does not require that entry be nonconsensual.
 
 1. Burglary of a Dwelling--Part I
 
 11
 First, under California Penal Code Sec. 459, a burglary can be committed in any building. But, under Sentencing Guideline Sec. 4B1.1, the only kind of burglary that is specifically a crime of violence is a burglary of a dwelling. Thus, for Bombela's September 1986 burglary to constitute a crime of violence, the district court had to find that the building Bombela burglarized was a dwelling. The burglary was, in fact, of a dwelling. But, to make this finding, the district court had to rely on the charging paper. Bombela argues that this reliance on the charging paper by the district court was an error and necessitates remand for resentencing. Specifically, Bombela contends that the district court may examine only the statute defining the crime of which he was previously convicted when deciding whether the conviction was of a crime of violence.
 
 
 12
 Bombela maintains that it is not permissible for a sentencing court to look to the actual facts underlying the conviction. In support of this proposition, he cites Taylor v. United States, 495 U.S. 575 (1990), United States v. Parker, 5 F.3d 1322 (9th Cir.1993), and United States v. Sherbondy, 865 F.2d 996 (9th Cir.1988). At issue in these three cases was whether a prior conviction was of a "violent felony" as defined in 18 U.S.C. Sec. 924(e), rather than whether a prior conviction was of a "crime of violence" as defined in U.S.S.G. Sec. 4B1.2. The Sherbondy court held that it was error for the district court to hold a hearing and review extrinsic evidence in order to determine whether facts underlying the prior conviction showed that the conviction was of a violent felony. The court stated, "[T]he trial court may ... look only to the fact of conviction and to the statutes establishing the crimes of which the defendant was convicted." Sherbondy, 865 F.2d at 1009.
 
 
 13
 In both Taylor and Parker, the court examined the more precise issue of whether a state court conviction for burglary was of a violent felony. In Taylor, the court held that such a determination "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." Taylor, 495 U.S. at 602. In Parker, the court held that a prior conviction of second-degree burglary, in violation of California Penal Code Sec. 459 (the statute also at issue in the instant case), was not of a violent felony for purposes of Sec. 924(e). Parker, 5 F.3d 1328; see United States v. Selfa, 918 F.2d 749, 751 (9th Cir.) (concluding that "the elements of the crimes of which the defendant was previously convicted, and not the particular conduct of the defendant on the day the crimes were committed, should control"), cert. denied, 498 U.S. 986 (1990).
 
 
 14
 We are not persuaded by Bombela. The September 1986 second-degree burglary did constitute a crime of violence because the crime was a burglary of a dwelling. The charging paper specifically shows that the building was a dwelling. (The complaint alleged that Bombela entered a "residence and building occupied by Ricky and Trudy Martinez.") A sentencing court may examine the language in the charging paper to determine whether a prior conviction was of a crime of violence. United States v. Young, 990 F.2d 469, 472 (9th Cir.), cert. denied, 114 S.Ct. 276 (1993); United States v. Davis, 932 F.2d 752, 764 (9th Cir.1991).
 
 
 15
 At issue in Young and Davis was whether a prior conviction was of a "crime of violence" as defined in U.S.S.G. Sec. 4B1.2. In Young, the Ninth Circuit held that the district court could properly consider language in the charging paper for the prior conviction. The court specifically stated that in determining whether an offense involves a crime of violence under U.S.S.G. Sec. 4B1.2, "courts may consider the statutory definition of the crime and may also consider the conduct 'expressly charged[ ] in the count of which the defendant was convicted.' " Young, 990 F.2d at 472 (citation omitted). Similarly, in Davis, the Ninth Circuit upheld a sentencing court which had taken into consideration an admission made by defendant's counsel at the sentencing hearing for the prior conviction. Davis, 932 F.2d at 764.
 
 
 16
 This court has also upheld a district court which considered both an indictment and a jury verdict in making a Sec. 924(e) determination. United States v. Alvarez, 972 F.2d 1000, 1005-06 (9th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1427 (1993). And, the circuit has held that Taylor did not preclude consideration of language in an indictment and guilty plea when determining whether a prior conviction was of a violent felony under Sec. 924(e). United States v. Sweeten, 933 F.2d 765, 769-70 (9th Cir.1991) (per curiam).
 
 
 17
 Furthermore, Parker is distinguishable from the instant case. In Parker, the complaint failed to allege an essential element of burglary: an unlawful or unprivileged entry. Parker, 5 F.3d at 1325-26. In the instant case, however, both elements at issue were alleged in the complaint: an unlawful or unprivileged entry, and residence.
 
 
 18
 Nor does Sherbondy pose a barrier to a sentencing court's examining the charging paper of a prior conviction. Sherbondy prohibits only a broad examination of facts by the sentencing court, such as holding a hearing and taking live testimony.[5]
 
 
 19
 Moreover, a guilty plea is an admission of all of the allegations of the charge. United States v. Mathews, 833 F.2d 161, 163-64 (9th Cir.1987); People v. Ward, 66 Cal.2d 571, 573, 426 P.2d 881, 883, 58 Cal.Rptr. 313, 315 (1967). By his guilty plea to the September 1986 second-degree burglary, Bombela admitted that he entered a residence.
 
 2. Burglary of a Dwelling--Part II
 
 20
 Alternatively, Bombela argues, if the district court is permitted to look to the charging paper to determine whether a prior conviction was of a crime of violence, then the charging paper must identify clearly and accurately the facts which go to the elements of the crime. Here, the complaint alleged that Bombela entered a "residence and building occupied by Ricky and Trudy Martinez." But, Bombela contends, a finding of guilt when an offense is charged in the conjunctive may be based on a finding of either one or both of the alternatives. Arellanes v. United States, 302 F.2d 603, 609 (9th Cir.), cert. denied, 371 U.S. 930 (1962); see People v. Reisdorff, 17 Cal.App.3d 675, 679, 95 Cal.Rptr. 224, 226 (1971). Thus, Bombela asserts, the charge to which he pleaded guilty did not necessarily require that he had entered a residence. Therefore, Bombela concludes, the prior conviction cannot be treated as that of a burglary of a dwelling, and thus of a crime of violence.
 
 
 21
 We disagree. A guilty plea is an admission of all of the factual allegations in the complaint. Mathews, 833 F.2d at 163-64; Ward, 66 Cal.2d at 573, 426 P.2d at 883, 58 Cal.Rptr. at 315. By his guilty plea to the September 1986 second-degree burglary, Bombela admitted that he entered a residence. Furthermore, the cases Bombela cites are not on point. In both Arellanes and Reisdorff, the defendant was convicted by trial--not guilty plea. Here, Bombela pleaded guilty and therefore admitted the facts alleged in the complaint.
 
 
 22
 3. Nonconsensual Entry?
 
 
 23
 Bombela also argues that only a nonconsensual entry gives rise to the possibility of violence due to the disturbance and surprise it creates. But, he argues, under California Penal Code Sec. 459, a defendant can be convicted of burglary even when entry is consensual. See People v. Pendleton, 25 Cal.3d 371, 382, 599 P.2d 649, 656, 158 Cal.Rptr. 343, 349 (1979). Accordingly, there is no need for law enforcement to specify in a complaint whether a defendant's entry was consensual or nonconsensual. As a result, the charging paper for Bombela's September 1986 burglary does not reveal whether his entry was consensual or nonconsensual. Therefore, Bombela concludes, it would be improper to assume that his entry was nonconsensual and thus posed a serious risk of physical injury.
 
 
 24
 Again, we disagree. Bombela's contention that a defendant can be convicted of burglary even if entry had been consensual is frivolous. Under Taylor, a defendant can be convicted of burglary so long as entry is unlawful or privileged. Here, the complaint alleged that Bombela "did willfully and unlawfully enter the residence and building." Because consent would make an entry either privileged or lawful, that Bombela entered "unlawfully" means that his entry was nonconsensual. Thus, it would be proper to assume that his entry posed a serious risk of physical injury.
 
 
 25
 B. COLLATERAL ATTACKS?
 
 
 26
 Because a constitutionally invalid conviction may not be counted in computing his criminal history, Bombela attacks the validity of his prior guilty pleas. See Boykin v. Alabama, 395 U.S. 238 (1969) (holding that a guilty plea must be knowing and voluntary). Bombela asserts that he was not advised of his constitutional rights when he pleaded guilty in state court. Thus, he concludes, his pleas were not knowing and voluntary waivers of his constitutional rights. In addition, he asserts, the government bears the burden of showing that he properly waived his constitutional rights in his prior criminal proceedings. Bombela argues that the silent record with regard to both prior sentencing hearings does not provide a basis from which the district court may infer that he was adequately advised of his constitutional rights and knowingly waived them.
 
 
 27
 In responding to Bombela, the government makes two arguments. First, the government contends that Bombela's claim that the prior convictions are invalid should not be heard on appeal because Bombela did not preserve it below. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). Nor does Bombela fall under any one of the three exceptions to the general rule. See id. One, Bombela did not show exceptional circumstances to explain why he did not raise the claim below. Two, there was no change in the law to give rise to this claim. Three, the issue was not purely one of law; rather, Bombela asserts factual matters.
 
 
 28
 Second, the government contends that Bombela's claim is without merit. The government first notes that whether Bombela is entitled to challenge his prior convictions collaterally at sentencing is, in fact, an open question. The Supreme Court will address this issue this term. Custis v. United States, 988 F.2d 1355 (4th Cir.), cert. granted, 114 S.Ct. 299 (1993).
 
 
 29
 But, assuming Bombela has a right to challenge prior convictions at sentencing, United States v. Vea-Gonzales, 999 F.2d 1326, 1333 (9th Cir.1993) (holding that "the Constitution requires that defendants be given the opportunity to collaterally attack prior convictions which will be used [to increase their punishment] at sentencing"), the government argues, Bombela must bear the burden of showing the invalidity of his prior convictions. Parke v. Raley, 113 S.Ct. 517 (1992); United States v. Mulloy, 3 F.3d 1337 (9th Cir.1993) (applying the Parke rule to collateral attacks on prior convictions in federal criminal sentencing proceedings). The government argues that Bombela failed to make any showing. See Mulloy, 3 F.3d at 1339 (noting that the presumption of regularity which attaches to final judgments cannot be overcome "merely by pointing to a silent or ambiguous record"). The "mere unavailability" of the transcripts of the prior conviction proceedings does not show that Bombela was not advised of his rights. Parke, 113 S.Ct. at 523-24. Therefore, the government concludes, Bombela's convictions must be presumed valid.
 
 
 30
 Again, Bombela's arguments are flawed. First, Bombela may not raise this challenge for the first time on appeal. Flores-Payon, 942 F.2d at 558. And, Bombela failed to meet his burden of showing that the prior convictions are invalid. Parke, 113 S.Ct. 523-24; Mulloy, 3 F.2d at 1339.
 
 CONCLUSION
 
 31
 For the foregoing reasons, we affirm. It is permissible for a sentencing court to look to the charging paper to determine whether a prior conviction was of a crime of violence. Here, the charging paper established that Bombela's September 1986 second-degree burglary was a burglary of a dwelling, which is a crime of violence. Consequently, Bombela had two prior convictions of a crime of violence. Bombela failed to demonstrate that either prior conviction was invalid. Thus, the district court did not err by classifying Bombela as a career offender.
 
 
 32
 AFFIRMED.
 
 
 
 *
 Hon. Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 4B1.1 ("Career Offender") of the Sentencing Guidelines provides in part, "A defendant is a career offender if
 (1) the defendant was at least eighteen years old at the time of the instant offense,
 (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and
 (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."
 U.S.S.G. Sec. 4B1.1.
 
 
 [2]
 Bombela concedes that his December 1987 first-degree burglary was a crime of violence. Becker mandates this concession. Becker, 919 F.2d at 573 (holding that first-degree burglary under California Penal Code Secs. 459 and 460 is a crime of violence under the Sentencing Guidelines)
 
 
 [3]
 Every burglary of an inhabited building is first-degree burglary; all other kinds of burglary are second-degree burglary. Cal.Penal Code Sec. 460
 
 
 [4]
 Section 459 defines burglary as the following: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store ... or other building ... with intent to commit grand or petit larceny or any felony is guilty of burglary." Cal.Penal Code Sec. 459
 
 
 [5]
 We note that any language used in United States v. Avery, 15 F.3d 816 (9th Cir.1993), that is contrary to our decision, is dicta