Filed 10/1/14  P. v. Montoya CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEVE MONTOYA,<br><br>    Defendant and Appellant. | B252906<br><br>(Los Angeles County<br>Super. Ct. No. VA129350) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Raul A. Sahagun, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul Roadarmel, Jr. and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Steve Montoya (defendant) appeals from his conviction of possession of counterfeit currency. His sole contention on appeal is that there was insufficient evidence of the requisite intent to defraud. Finding that substantial evidence supported the conviction, we affirm the judgment.

## BACKGROUND

**Procedural history**

Defendant was charged with forgery in violation of Penal Code section 476 (count 1),[1] and possession of a counterfeit seal impression in violation of section 472 (count 2), both felonies. The information further alleged that defendant had suffered a serious or violent felony conviction within the meaning of the "Three Strikes" law (§§ 667, subd. (b)-(i), 1170.12, subd. (a)-(d)), and had served two prior prison terms within the meaning of section 667.5, subdivision (b).

The jury convicted defendant of count 2 as charged, but was unable to reach a verdict on count 1. A mistrial was granted as to count 1, which was thereafter dismissed. Defendant admitted his prior convictions and the trial court struck the two prior prison term allegations for purposes of sentencing. On November 6, 2013, the trial court sentenced defendant to the low term of 16 months in prison, and doubled the term as a second strike to 32 months.[2] Defendant was given a total of 358 days of presentence custody credit and ordered to pay mandatory fines and fees.

Defendant filed a timely notice of appeal from the judgment.

**Prosecution evidence**

On February 9, 2013, Whittier Police Officers Salvador Murillo and David Cheng arrested defendant and transported him to the Whittier police station for booking. During the booking process the officers searched defendant and inventoried his property. One $20 bill was found in defendant's left breast jacket pocket; a $50 bill and another $20 bill

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     In a consolidated case, defendant entered into a plea bargain and was sentenced to a consecutive prison term of 16 months.

were found in defendant's wallet. Defendant initialed the booking form acknowledging that $90 was found on his person and would be booked and kept for him. No other money was found on defendant. The recovered bills were placed into a property bag, which was then taken to the cashier of the Los Angeles County Inmate Reception Center, Suzanne Tomeraasem (Tomeraasem).

Tomeraasem testified that her duties as cashier included receiving money taken from booked inmates, creating an account with credits for the money, and paying back the equivalent amounts when the inmates were released, less any credit used in jail or released to someone else. Because the actual bills received would be comingled with all other monies received each day, Tomeraasem was required to verify the genuineness of all currency she received. She was trained to detect counterfeit bills and had extensive experience inspecting currency for that purpose.

Tomeraasem was on duty when defendant's money was brought to her in an envelope by a Whittier police officer. First she noted defendant's name and booking number. She then removed the two $20 bills and one $50 bill, felt them, visually inspected them, and then passed them under a black light designed to detect security strips. They were newer style bills, making it easier to detect counterfeits due to the more recent addition of watermarks and security strips. Defendant's bills were made of smooth, ordinary paper, not currency paper, and had no security strip or a watermark. The $50 bill had apparently become wet at some point and the ink had run, which would not happen on a genuine bill.

Special Agent Cynthia Mamaril of the United States Secret Service testified as an expert in identifying counterfeit currency. During her testimony, she inspected the bills taken from defendant and noted the ink bleeding on the $50 bill. She testified that ink did not run on genuine currency, and she pointed out the features that demonstrated that the treasury seal on the bills was not genuine. She concluded that all three bills were counterfeit.

Defendant presented no evidence.

## DISCUSSION

Defendant contends that the evidence presented was insufficient to support his conviction under section 472, which provides in relevant part that a person is guilty of forgery when he knowingly possesses a counterfeit public seal or impression of the seal with the intent to defraud, and willfully conceals its counterfeit nature.[3] In particular, defendant contends that the prosecution failed to present substantial evidence that defendant harbored the intent to defraud or that he willfully concealed the fact that the bills were counterfeit.

When a criminal conviction is challenged as lacking evidentiary support, "the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence -- that is, evidence which is reasonable, credible, and of solid value -- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578; see also *Jackson v. Virginia* (1979) 443 U.S. 307, 318-319.) We must presume in support of the judgment the existence of every fact the jury could reasonably deduce from the evidence. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) Reversal on a substantial evidence ground "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' [Citation.]" (*People v. Bolin* (1998) 18 Cal.4th 297, 331.) "The same standard applies when the conviction rests primarily on circumstantial evidence. [Citation.]" (*People v. Kraft, supra*, at p. 1053.)

---

[3] Section 472 reads: "Every person who, with intent to defraud another, forges, or counterfeits the seal of this state, the seal of any public officer authorized by law, the seal of any court of record, or the seal of any corporation, or any other public seal authorized or recognized by the laws of this state, or of any other state, government, or country, or who falsely makes, forges, or counterfeits any impression purporting to be an impression of any such seal, or who has in his possession any such counterfeited seal or impression thereof, knowing it to be counterfeited, and willfully conceals the same, is guilty of forgery."

Defendant argues that the evidence showed only that he was in possession of the counterfeit bills, and that only a speculative inference of intent to defraud could be drawn from his possession.

"An intent to defraud is an intent to deceive another person for the purpose of gaining a material advantage over that person or to induce that person to part with property or alter that person's position by some false statement or false representation of fact, wrongful concealment or suppression of the truth or by any artifice or act designed to deceive. [Citation.]" (*People v. Pugh* (2002) 104 Cal.App.4th 66, 72.) The intent to defraud may be established by the surrounding circumstances. (*People v. Smith* (1998) 64 Cal.App.4th 1458, 1469; see § 29.2.) "'[C]ircumstantial evidence is as sufficient as direct evidence to support a conviction.'" (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

To argue that the circumstantial evidence of an intent to defraud was insufficient here, defendant cites several cases in which there was something more than possession of a forged or stolen instrument, such as an attempt to negotiate the instrument or possession of false identification. (See, e.g., *People v. Castellanos* (2003) 110 Cal.App.4th 1489, 1493-1494 [possession of counterfeit resident alien card bearing defendant's photograph]; *People v. Smith, supra*, 64 Cal.App.4th at p. 1469 [attempt to make purchase with counterfeit credit card]; *People v. Wilkins* (1972) 27 Cal.App.3d 763, 773 [possession of blank sheets of selective service cards and instructions on making California driver's licenses]; *People v. Norwood* (1972) 26 Cal.App.3d 148, 159 [possession of multiple stolen or forged negotiable instruments and a driver's license in another's name].)

"When we decide issues of sufficiency of evidence, comparison with other cases is of limited utility, since each case necessarily depends on its own facts. [Citation.]" (*People v. Thomas* (1992) 2 Cal.4th 489, 516.) Moreover, although the cases on which defendant relies involved, in addition to possession, evidence of false identification or an attempt to use or negotiate the forged or counterfeit instrument, none held that only such circumstances would be sufficient to prove intent.

Here, as the trial court found in denying defendant's motion for new trial, the $50 bill was a poor forgery, the ink was runny, the paper was not the same as a real bill, and defendant had no genuine money in his possession. We agree with the trial court that these facts were more than sufficient to establish defendant's knowledge of the counterfeit nature of the bills. "[P]ossession of a forged instrument plus slight corroborative evidence of other inculpatory circumstances will suffice to show knowledge of the spurious character of the instrument." (*People v. Swope* (1969) 269 Cal.App.2d 140, 145.) We also agree with respondent that defendant's knowledge, in addition to him having three such bills, keeping two of them where one would ordinarily carry spending money, and having no genuine money in his possession, were circumstances that gave rise to a reasonable inference that he intended to spend the bills.

Further, we reject defendant's contention that because count 1 alleged a violation of essentially the same elements as count 2,[4] the jury's inability to render a verdict as to count 1 demonstrates the insufficiency of the evidence. The cases on which defendant relies do not support his argument; the reviewing courts merely observed that a hung jury in a prior trial that was free of a particular error can suggest that the error committed in the second trial was not harmless. (See, e.g., *People v. Epps* (1981) 122 Cal.App.3d 691, 698; *People v. Brooks* (1979) 88 Cal.App.3d 180, 188, disapproved on another point in *People v. Mendoza* (2011) 52 Cal.4th 1056, 1086.) There was no prior trial here and no error. At most, there was an inconsistent verdict, which "may show no more than jury leniency, compromise, or mistake." (*People v. Lewis* (2001) 25 Cal.4th 610, 656.)

We conclude that substantial evidence supports a finding that defendant intended to use the counterfeit bills to his advantage and thus harbored the intent to defraud.

---

[4]     Section 476 provides, in relevant part: "Every person who makes, passes, utters, or publishes, with intent to defraud any other person, or who . . . has in his or her possession, with like intent to utter, pass, or publish, any fictitious or altered bill, note, or check, purporting to be the bill, note, or check, or other instrument in writing . . . is guilty of forgery."

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ


We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST


7