Filed 9/2/14  P. v. Saavedra CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048632 |
| v. | (Super. Ct. No. 11WF0157) |
| ELOY JOAN SAAVEDRA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, James Edward Rogan, Judge.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Eloy Joan Saavedra of assault with a deadly weapon, i.e., a bat (Pen. Code, § 245, subd. (a)(1), as amended by Stats. 2011, ch. 183, § 1; all further statutory references are to this code; count 1), assault by means of force likely to produce great bodily injury (former § 245, subd. (a)(1), now § 245, subd. (a)(4); count 2), and battery with serious bodily injury (§ 243, subd. (d); count 3).  As to the assault charges, the jury also found defendant personally inflicted great bodily injury on a non-accomplice.  (§ 12022.7, subd. (a).)

The court suspended execution of a five-year sentence on count 1 and placed defendant on probation with conditions including 180 days in jail.  It also imposed, then stayed under section 654, two-year sentences on counts 2 and 3, but ordered fines and fees for each count.

Defendant contends one of the two assault convictions must be stricken because they are based on one act.  We disagree and affirm the judgment.

FACTS

Defendant hit his younger brother with a baseball bat during an argument.  One witness saw defendant thrust the bat towards his brother's chest two times.  Another witness watched defendant strike his brother with a bat three times in the middle of his body, using a swinging motion while his brother was on the ground.  Defendant's brother sustained "[t]wo fractures to his left jawbone, swelling to his face and cheeks, a bruise to his right shoulder, bruising to his left ribcage and bruising to his pelvis."

Defendant told the responding officer he did not use a bat and only punched his brother.  During his interview at the police station, defendant again denied hitting his brother with the bat and said he had just punched him enough times to knock him out.

DISCUSSION

Defendant argues he cannot be convicted of both assault with a deadly weapon and assault by means of force likely to produce great bodily injury because both involve "[t]he single act of assault with the baseball bat." We disagree.

Under section 954, "'[a]n accusatory pleading may charge . . . different statements of the same offense' and 'the defendant may be convicted of any number of the offenses charged.'" (*People v. Johnson* (2007) 150 Cal.App.4th 1467, 1474 (*Johnson*).) "Unless one offense is necessarily included in the other [citation], multiple convictions can be based upon a single criminal act or an indivisible course of criminal conduct . . . ." (*People v. Benavides* (2005) 35 Cal.4th 69, 97.) On the other hand, section 654 "prohibits multiple punishment for the same 'act or omission.' When section 954 permits multiple convictions, but section 654 prohibits multiple punishment, the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited." (*People v. Correa* (2012) 54 Cal.4th 331, 337.) This was done here.

Whether a defendant may receive multiple convictions for assault arising out of the same incident is a question of law subject to independent review. (*Johnson*, *supra*, 150 Cal.App.4th at p. 1474.) "[T]he proper analysis involves a determination of when the charged crime is completed." (*Ibid*.) Once a court determines when the charged crime is completed, it "review[s] the record in the light most favorable to the judgment to determine whether it discloses substantial evidence . . . such that a reasonable trier of fact could find [the] defendant guilty beyond a reasonable doubt of the . . . crimes he challenges . . . .'" (*Id*. at p. 1477.)

Defendant argues his two assault convictions cannot be based on his act of striking his brother with the bat. That may have been true had he struck his brother only once. But he hit his brother multiple times in different areas. Each constituted a separate

3

assault. (*People v. Yeats* (1977) 66 Cal.App.3d 874, 878 [assault with deadly weapon or force likely to produce great bodily injury complete on attempted use of force].)

In *People v. Scott* (1994) 9 Cal.4th 331 (*Scott*), a jury convicted the defendant of 14 counts of lewd conduct. (§ 288, subds. (a), (b).) Similar to defendant's argument here, the defendant in *Scott* argued that "where multiple lewd acts occur on a single occasion . . . all such activities are merely part of an 'indivisible' sexual assault and that the statutory scheme does not permit separate conviction for each distinct act." (*Scott*, at pp. 344-345.) Disagreeing, *Scott* held, "Each individual act that meets the requirements of section 288 can result in a 'new and separate' statutory violation." (*Id.* at pp. 346-347; see also p. 341.) Although *Scott* did discuss the different types of touching that may violate section 288 and the desire to protect children from sex crimes, the decision was nevertheless based on *when* the crime was completed, not a particular "species" of touching or "a special class of victims," as defendant claims.

*Scott*, *supra*, 9 Cal.4th at p. 345, relied in part on *People v. Harrison* (1989) 48 Cal.3d 321 (*Harrison*), which also focused on when a sexual offense is "'completed.'" *Harrison* held "that a *new and separate* violation of section 289 is 'completed' each time a *new and separate* 'penetration, however slight' occurs" (*id.* at p. 329). Defendant argues that unlike in *Harrison*, where there was an intervening struggle, he "struck [his brother] with the bat in one continuous act." But evidence showed his brother had injuries on various parts of his body, was standing when defendant thrust the bat at his chest, and was lying on the ground when defendant swung it at him. A reasonable jury could find these injuries and attacks did not result from a single continuous act.

*Johnson*, *supra*, 150 Cal.App.4th 1467, is particularly apt. There the defendant was convicted of three counts of corporal injury arising from a single incident in which he hit a cohabitant on the nose, eyes, and mouth; choked her and held her by her throat against the wall and struck her on the neck, arm, lower back and leg; and stabbed her in the left arm. (*Id.* at p. 1471.) The defendant there, comparable to here, argued he

4

could be convicted on only one such count, because the evidence showed "a 'single continuous assault,' albeit involving 'multiple blows.'" (*Id*. at p. 1474.) *Johnson* disagreed, holding "the crime described by section 273.5 is complete upon the willful and direct application of physical force upon the victim, resulting in a wound or injury. It follows that where multiple applications of physical force result in separate injuries, the perpetrator has completed multiple violations of section 273.5." (*Id*. at p. 1477.) Thus, "the jury could have concluded that defendant completed one violation of section 273.5 when he beat Doe about the head and face, blackening her eyes and splitting her lip; another when he held her by the throat and continued to strike her and restrain her such that she suffered bruises about her back and neck; and another when he injured her upper arm, drawing blood and leaving a visible scar." (*Ibid*.)

Unlike the crime of corporal injury, "neither physical contact nor actual injury is required to support a conviction" for assault. (*People v. Brown* (2012) 210 Cal.App.4th 1, 7.) Nevertheless, defendant's brother's "injuries and their location are relevant for consideration in determining" whether an assault occurred and the type of assault committed. (*Ibid*.; *People v. Russell* (1943) 59 Cal.App.2d 660, 665.) Defendant struck his brother's face, right shoulder, and midsection, causing fractures in his jawbone, swelling on his face, and bruises to his shoulder, ribcage and pelvis. Each assault resulted in different injuries and was complete upon defendant's attempted use of force as to each area. (*People v. Yeats*, *supra*, 66 Cal.App.3d at p. 878.) Thus, the jury could have concluded defendant separately assaulted his brother with a deadly weapon, to wit, a bat, as to certain injuries and that he did so with force likely to produce great bodily injury as to others. To decide this issue, the jury was instructed it must "agree on which act [defendant] committed" with regard to assault with a deadly weapon and assault with force likely to produce great bodily injury. (CALCRIM No. 3500.) Although the record does not indicate which act or acts the jury agreed to for each count, absent some

5

indication to the contrary, we presume the jury understood and followed this instruction. (*People v. Sanchez* (2001) 26 Cal.4th 834, 852.) Defendant makes no claim it did not.

Defendant distinguishes *Johnson*, *supra*, 150 Cal.App.4th 1467, on the basis "the blows with the bat [here] were instantaneous while the attack in *Johnson* in involved different instrumentalities." But the jury could have reasonably found the blows were not "instantaneous" given the injuries to various parts of his brother's body and evidence defendant struck him both while he was standing and as he lay on the ground. Further, *Johnson* based its analysis on "when the charged crime is completed," not the instruments used (*id*. at p. 1474), and "multiple applications of physical force result[ing] in separate injuries" (*id*. at p. 1477). Notably, *Johnson* held three violations of section 273.5 could be found notwithstanding that an instrument was used to stab the victim in only one, while the defendant used his hands in the other two. (*Id*. at pp. 1472, 1477.)

Moreover, an instrument other than the bat could have been used – defendant's hands. Although count 1 of the amended information charged defendant with assault with a deadly weapon, i.e., count 2 only alleged he committed an assault by means of force likely to produce great bodily injury. Given defendant's statements to police that he knocked his brother out with several punches, the jury could have found his fists to have been the means of force likely to produce great bodily injury.

The cases cited by defendant in his opening brief are inapposite. *People v. Ryan* (2006) 138 Cal.App.4th 360 (*Ryan*), the defendant was convicted of two counts of forgery by signing another's name (§ 470, subd. (a)) and two counts of making or passing a forged check (§ 470, subd. (d)). *Ryan* concluded the different methods of committing forgery in section 470 described the same crime and that a defendant could not suffer multiple convictions that statute based on the forgery of a single instrument. (*Ryan*, at p. 364.) Because the defendant had used a "single instrument" for one purchase and a "single instrument" for another, the defendant could only be convicted of one count of forgery for each. It affirmed the convictions for passing the forged checks because the

6

"conduct in each incident appear[ed] to be more completely covered by [that crime]" in that they could not have occurred without the defendant having forged the check in the first place. (*Id*. at p. 371.) *Ryan* relied on *People v. Craig* (1941) 17 Cal.2d 453, which held the various subdivisions of section 261 described the same crime of rape, and therefore where there was only *one* act of intercourse, the defendant could not be convicted of both forcible rape and statutory rape. (*Id*. at p. 455, italics added.)

Here, in contrast, there was more than one act and neither assault with a deadly weapon nor assault with force likely to cause great bodily injury were "more completely covered" by the other. (*Ryan*, *supra*, 138 Cal.App.4th at p. 371.) Rather, defendant committed separate assaults on his brother, whether with a deadly weapon or with force likely to cause great bodily injury. Each assault caused different injuries and was complete upon defendant's attempted use of force as to each area. The jury may have also found defendant used more than one "instrument," i.e., the bat and his fists.

## DISPOSITION

The judgment is affirmed.

RYLAARSDAM, J.

WE CONCUR:

O'LEARY, P. J.

IKOLA, J.

7