Filed 4/27/16  P. v. Joe CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078121 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F03583) |
| v. | |
| CARRIE DELORES JOE, | |
| Defendant and Appellant. | |

As a result of a fight with her neighbor Vaneesha King, defendant Carrie Delores Joe was convicted by jury trial of assault with a deadly weapon and assault by force likely to produce great bodily injury.  (Pen. Code, § 245, subds. (a)(1) & (a)(4); unless otherwise set forth, statutory references that follow are to the Penal Code.)  On appeal, defendant claims it was improper to convict her of two counts of aggravated assault, when the charges arose from a single assault and we agree.  We reverse defendant's conviction on count two and order that count dismissed.

1

FACTS AND PROCEEDINGS

After verbally arguing with King, defendant threw a glass bottle at her. King jumped out of the way, and the bottle shattered. Defendant went back to her apartment, but about five minutes later, defendant came back outside with a metal pole in her hands, swinging it and walking angrily toward King. King's husband took the pole away from defendant, and defendant again returned to her apartment.

A few hours later, King saw defendant outside sitting on the stairs and went toward her to talk to her. Defendant stood up and struck King on the face with a glass bottle, injuring King's eye. The two started hitting each other, and with her fingers defendant gouged at King's eye. The fight ended when the two were pulled apart. King was taken to the hospital and required stitches and surgery for her eye. Defendant also suffered injuries.

Defendant was charged with assault with a deadly weapon (namely, a bottle) (count one; § 245, subd. (a)(1)), and assault by force likely to produce great bodily injury (count two; § 245, subd. (a)(4)). Count two was charged as a "further and separate cause of action, being a different offense of the same class of crimes and offenses and connected in its commission with the charges set forth in Count One hereof . . . ." With respect to both counts, it was further alleged defendant inflicted great bodily injury on King. (§ 12022.7, subd. (a).)

At closing, the People argued defendant could be found guilty of count one based on either of the two incidents involving a glass bottle, or both. The People also argued defendant could be found guilty of count two based on either hitting King with the bottle or digging her finger into King's eye, or both.

The trial court instructed the People "presented evidence of more than one act to prove that the defendant committed each offense. . . . You must not find the defendant guilty unless you all agree that the People have proved that he [*sic*] defendant committed

2

at least one of these acts and you all agree on which act she committed." The court further explained each of the counts was a separate crime and the jury must consider each count separately.

During deliberations, the jury asked for clarification as to what count two "specifically applies to." The court responded: "The People have presented evidence of more than one act to prove that the defendant committed this offense - the incident alleging the throwing of the bottle, the incident alleging the striking with the bottle and the incident alleging the finger in the eye contact." The court also referred the jury to the instructions, reiterating the jury could not find the defendant guilty unless "you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act she committed."

The jury returned a guilty verdict on both counts, and found true the great bodily injury enhancements. The court sentenced defendant on count one to the midterm of three years, plus three years for the great bodily injury. After determining counts one and two "comprise an individual transaction during which the defendant harbored a single criminal objective," the court stayed count two but did not impose sentence.[1] (§ 654.) The court suspended execution of sentence and placed defendant on five years' probation.

---

[1] The trial court's failure to impose a sentence on count two was improper and resulted in an unauthorized sentence. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1469, 1473.) Neither party raised this issue on appeal. Since we will vacate the conviction on count two, the issue is moot.

DISCUSSION

I

*Count Two Must Be Reversed and Dismissed*

Defendant contends she cannot be convicted of violating both sections 245(a)(1) and 245(a)(4) because, as amended by Assembly Bill No. 1026, assault with a deadly weapon and assault by force likely to produce great bodily injury are not separate offenses but instead constitute different ways of committing the same offense. Therefore, defendant argues, given the facts presented to the jury and the jury's ultimate verdicts, she committed a single assault, and she may be convicted of only one violation of section 245. The People concede the section 245(a)(4) conviction must be reversed.

Prior to its amendment by Assembly Bill No. 1026, section 245(a)(1) provided: "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment." It accordingly "describe[d] two different ways of committing a prohibited assault: (1) by use of a deadly weapon or instrument other than a firearm *or* (2) by means of force likely to produce great bodily injury." (*People v. Martinez* (2005) 125 Cal.App.4th 1035, 1043.) As courts explained, "[t]he offense of assault by means of force likely to produce great bodily injury is not an offense separate from . . . the offense of assault with a deadly weapon." (*In re Mosely* (1970) 1 Cal.3d 913, 919, fn. 5.)

Assembly Bill No. 1026 separated the two means of committing aggravated assault, keeping assault with a deadly weapon in section 245(a)(1) and moving to section 245(a)(4) assault by means of force likely to produce great bodily injury. Although the current section 245 on its face does not indicate whether the amendment was intended to

4

create separate offenses, the legislative history makes clear the purpose was to reorganize existing law. "AB 1026 will make it easier for prosecutors and defense attorneys to determine whether or not a defendant's prior conviction for assault under [section 245(a)(1)] involved an assault on a person with a deadly weapon or by any means of force likely to produce great bodily injury. Under California law, an assault with a deadly weapon can be treated more severely than an assault likely to produce great bodily injury." (Sen. Com. on Pub. Safety, Analysis of Assem. Bill No. 1026 (2011-2012 Reg. Sess.) as introduced Feb. 18, 2011, at p. 2; see also § 1192.7, subd. (c)(31) [assault with a deadly weapon is a serious felony, but assault by means of force likely to produce great bodily injury is not a serious felony].) "AB 1026 does not create [or add] any new felonies or expand the punishment for any existing felonies. It merely splits an ambiguous code section into two distinct parts." (Sen. Com. on Pub. Safety, Analysis of Assem. Bill No. 1026, *supra*, at p. 3.)

Defendant argues that, even though there was evidence here of two assaults separated in time - the first committed when defendant threw the bottle at King and the second when defendant struck King in the face with a bottle injuring her eye and gouging at her eyes - as this matter was litigated, defendant was necessarily convicted of both counts based upon hitting King with the bottle and gouging at her eyes during a single assault. We agree. Multiple convictions arising out of the same criminal transaction may not be based on charges that set out different ways of committing the same crime. (*People v. Ryan* (2006) 138 Cal.App.4th 360, 368-369; see also *People v. Tenney* (1958) 162 Cal.App.2d 458, 461.) Whether multiple convictions for assault may arise out of the same incident is a question of law, which is subject to the court's independent review. (See *People v. Johnson* (2007) 150 Cal.App.4th 1467, 1474.)

Here, the People argued at trial that count one could be proven by either defendant's throwing of the bottle in the first incident or by defendant's later striking King with a bottle, or both. But King was not hurt when defendant threw the bottle at her

during the first attack, and she was injured when defendant struck her in the face with the bottle during the second attack. Since the jury found true the great bodily injury enhancement with respect to count one, it must have found defendant guilty of count one based on defendant striking King in the face with the glass bottle.

With respect to count two, the People argued at trial defendant could be found guilty based on either striking King with the glass bottle or gouging King's eye, or both. Although it is unclear from the record which act the jury relied on in finding defendant guilty, both acts were part of the second attack. If the jury relied on defendant striking King with the bottle, given the verdicts, this was the same act as charged in count one. If the jury relied on defendant gouging King's eyes, it was part of the same uninterrupted fight and, thus, the two acts cannot support two separate convictions of section 245, subdivision (a).

We vacate the conviction on count two for assault by means likely to produce great bodily injury on the ground that assault with a deadly weapon (count one) is the greater offense. Unlike assault by means likely to produce great bodily injury, assault with a deadly weapon is a serious felony and a strike under the Three Strikes law. (§§ 1192.7, subd. (c)(31); 667, subd. (d)(1); 1170.12, subd. (b)(1).)

Given our conclusion that count two must be reversed because defendant committed a single assault, we need not discuss defendant's argument that one of her convictions be reversed based on due process violations.

6

DISPOSITION

The conviction of count two is reversed, and the court is directed to dismiss it and recalculate the fees and fines imposed.  In all other respects, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.


                                                                HULL                    , Acting P. J.



We concur:



        DUARTE              , J.



        HOCH                , J.


7